**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| GEORGIO SER,<br><br>                       Plaintiff,<br><br>   v.<br><br>LELAND DUDEK,<br>Commissioner of Social Security, *et al.*,<br><br>                      Defendants. | Case No. 3:25-cv-00174-MMD-CLB<br><br>**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>[ECF No. 1-1, 6, 7] |

      Plaintiff has filed an application to proceed *in forma pauperis* ("IFP") in an action involving judicial review of administrative action by the Secretary of Health and Human Services, denying Plaintiff's claim for disability benefits under the Social Security Act. In the IFP application, Plaintiff listed minimal income and assets (ECF Nos. 6, 9).

      For good cause appearing, **IT IS ORDERED** as follows:

      (1) Plaintiff's application to proceed IFP, (ECF No. 6), is **GRANTED**. Plaintiff is permitted to maintain this action without the necessity of prepayment of fees or costs or the giving of security therefor.

      (2) The Complaint shall **PROCEED** with respect to review of the <u>disability benefits claim only</u>, and the Clerk shall **FILE** the Complaint (ECF No. 1-1).

            (a) To the extent Plaintiff is attempting to name Sigal Chattah, Paula Lee, or Pamela Bondi as defendants, these defendants are dismissed, and this action will proceed only as to <u>Commissioner of Social Security Leland Dudek</u>.

      (3) The Clerk shall provide notice of this action to the Commissioner pursuant to Rule 3 of the Supplemental Rules for Social Security.

      (4) From this point forward, Plaintiff must serve a copy of every pleading or other document submitted for consideration by the Court upon the defendant or, if an

appearance has been entered by counsel, upon the attorney. Plaintiff must include with the original of each document to be filed with the Court a certificate stating that a true and correct copy of the document was served on the defendant, or counsel, if the defendant has an attorney. Under Local Rule 5-1 the proof of service must show the day and manner of service and the name of the person served. The Court may disregard any paper received which has not been filed with the Clerk, or that fails to include a certificate of service.

(5) Finally, as to Plaintiff's motion for counsel, in civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In limited circumstances, courts are empowered to request an attorney to represent an indigent civil litigant. For example, courts have discretion, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Ageyman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, courts evaluate (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. At this time, the Court does not find that exceptional circumstances exist that warrant appointment of counsel and therefore Plaintiff's motion for counsel, (ECF No. 7), is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** May 5, 2025

_____
**UNITED STATES MAGISTRATE JUDGE**