UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GEORGIO SER,<br><br>Plaintiff,<br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No. 3:25-cv-00174-MMD-CLB<br><br>ORDER |

## I. SUMMARY

Before the Court is the Report and Recommendation of United States Magistrate Carla L. Baldwin (ECF No. 31 ("R&R")) recommending the Court deny Plaintiff Gorgio Ser's Motion for Remand or Reversal. (ECF No. 26 ("Motion").) Plaintiff filed an objection (ECF No. 32 ("Objection"))[1] to which Defendant Bisignano ("Commissioner") responded (ECF No. 33). For the following reasons, the Court adopts the R&R and denies Plaintiff's Motion.

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background. (ECF No. 31 at 5-6). As relevant to Plaintiff's Objection, Plaintiff seeks judicial review of the Commissioner's decision to deny Plaintiff's application for supplemental security income ("SSI") filed on July 21, 2020, claiming disability from December 31, 2019. After Plaintiff's application was denied, Plaintiff requested an administrative hearing before the Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued a written decision (AR 17-31)[2], finding that Plaintiff was not

---

[1]Plaintiff subsequently filed the same Objection again (ECF No. 34). The Court will cite to Plaintiff's initial Objection.

[2]The Administrative Records ("AR") are filed under seal as ECF No. 20-1.

disabled from the date of his application to the date of the hearing because he could perform work that exists in significant numbers in the national economy. Plaintiff exhausted his administrative appeal before filing this action. Judge Baldwin recommends the Court deny Plaintiff's Motion and affirm the Commissioner's decision.

**III. LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id*. Here, because Plaintiff filed his Objection, the Court will conduct de novo review of Judge Baldwin's R&R.

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec*., 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *See id.* at 523 (citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *See id*. (citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

///

///

## IV. DISCUSSION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140-41 (1987). Judge Baldwin correctly found that the ALJ applied these five-steps, and she concluded that substantial evidence in the records support the ALJ's decision. (ECF No. 31 at 7 (citing AR 17-31).) Judge Baldwin thoroughly discussed the ALJ's analysis at each step and addressed Plaintiff's claim of errors. (*Id.* at 8-22.) Having reviewed the records in this case, the Court agrees with Judge Baldwin's findings.

Plaintiff suggests that Judge Baldwin did not consider his argument in the Motion that the ALJ "misinterpreted doctor's reports, oft disregarding complete diagnosis, also interpreting infirmities as self-reported when actually confirmed by the medical reports and lab tests within the records." (ECF No. 32 at 1.) Plaintiff references Judge Baldwin's statement of "non-medically determinable impairment of low back pain." (*Id.* (quoting ECF No. 31 at 9).) Plaintiff asserts that he submitted evidence with the Motion that showing "9+ months of chiropractic care, areas of spasm, hypomobility and end point tenderness indicative of subluxation at L5 and L4 spine and seg and somatic dysf of lumbar reg." (*Id.* (citing ECF No 26 at 36-44)[3].) However, in the identified quote, Judge Baldwin was referencing the ALJ's analysis and conclusion at step 2.[4] (ECF No. 31 at 9.) The ALJ supported this finding by identifying the record lacked "medically acceptable 'signs' and/or 'laboratory findings' showing anatomical, physiological, or psychological abnormalities in order to establish a condition as an impairment" under the regulation. (*Id.* (quoting AR 20).) As Judge Baldwin notes, x-rays of Plaintiff's lumbar in the record before the ALJ did not show any "anatomical phenomena," which was consistent with Plaintiff's denial of continuing treatment. (*Id.* at 9-10 (quoting AR 20).) The Court agrees with Judge Baldwin

---

[3]Plaintiff cites Exhibit C of his Motion, which is a copy of treatment notes from Tice Valley Chiropractic from June 2021 to February 2022. (ECF No 26 at 36-44.)

[4]Step 2 involves a determination whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe" within the meaning of the regulations. 20 C.F.R. § 416.920(a)(4)(ii), (c).

that substantial evidence supports the ALJ's findings of "lack of objective medical evidence from an acceptable medical source showing that Ser suffers from low back pain, which is a necessary requirement for the establishment of impairment under 20 C.F.R. §404.1521." (*Id.* at 10.) Moreover, Plaintiff appears to focus on the ALJ's findings of "non-medically determinable impairment" at step 2, ignoring the ALJ's robust analysis at each step, including the finding at step 2 that Plaintiff has both "severe impairments" and "non-severe impairments" at step 2. (AR 19-20).

As for Plaintiff's evidence that he suffers from low back pain, Judge Baldwin correctly found that the ALJ points to absence of "objective medical evidence from an acceptable source" as required for showing impairment under 20 C.F.R. 404.1521. (ECF No. 31 at 10.) Plaintiff thus cannot show that the ALJ erred in the step 2 analysis. Moreover, the ALJ properly evaluated Plaintiff's credibility in considering Plaintiff's subjective testimony that he suffers from low back pain and other symptoms. The Court agrees with Judge Baldwin's determination that ALJ's finding that Plaintiff's testimony was inconsistent with the record is supported by substantial evidence in the record. (*Id.* at 10-14.)

In sum, the Court agrees with Judge Baldwin's R&R and finds that substantial evidence in the administrative records support the ALJ's analysis at each step of the five-step determination. Accordingly, the Court overrules Plaintiff's Objection and adopts the R&R.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that the R&R (ECF No. 31) is adopted in full.

It is further ordered that Plaintiff's Objection (ECF Nos. 32, 34) is overruled.

It is further ordered that Plaintiff's Motion (ECF No. 26) is denied.

The Clerk is kindly directed to enter judgment in Defendant's favor and close this case.

DATED THIS 31st Day of July 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE